IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DANIEL THEODORE,

        Plaintiff,

vs.                                            CIVIL NO.  05-309 MV/ACT

DAVID WRIGHT et al.,

        Defendants.

DANIEL THEODORE,

        Plaintiff,

vs.                                            CIVIL NO.  05-444 MCA/LFG

ROBERT E. HALL,

        Defendant.

DANIEL THEODORE,

        Plaintiff,

vs.                                            CIVIL NO.  05-473 WJ/LFG

EDWARD TARAPASKI,

        Defendant.

## **MEMORANDUM OPINION AND ORDER**

On May 16, 2005, the Court, acting *sua sponte,* consolidated Plaintiff Daniel Theodore's three federal lawsuits, and dismissed them for lack of subject matter jurisdiction. *See* May 16, 2005 Memorandum Opinion and Order. Plaintiff subsequently filed a "Notice of Intent to Summons the United States of America Circuit Court Rider Opportunity to Correct" in each case, asserting that the Court's May 16, 2005 Memorandum Opinion and Order dismissing Plaintiff's cases "was a

mistake . . . correctable without the [sic] requiring the Circuit Rider's intervention." The Court construe's Plaintiff's filings as motions for reconsideration.

The Federal Rules of Civil Procedure do not provide for motions for reconsideration. When the Court has misapprehended the facts or misapplied the law, however, a party may seek relief pursuant to Fed. R. Civ. P. 59 or 60. The Tenth Circuit has stated that "regardless of how [a motion] is styled, courts consider a motion filed within ten days of the entry of judgment that questions the correctness of the judgment to be a Rule 59(e) motion." *Trotter v. Regents of Univ. of New Mexico*, 219 F.3d 1179, 1183 (10th Cir. 2000). Accordingly, Plaintiff's filings, which were filed within ten days of the Court's dismissal of Plaintiff's actions, will be considered as a Rule 59(e) motion.

The decision whether to grant or deny a motion under Rule 59 is committed to the court's discretion. *See, e.g., Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988). A court may grant reconsideration under Rule 59 to (1) correct clear error or prevent manifest injustice; (2) review newly discovered evidence; or (3) review a prior decision in light of a recent change in law. *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion under Rule 59 does not, however, provide a valid basis "to revisit issues already addressed or advance argument that could have been raised in prior briefing." *Id.*

In his filings, Plaintiff identifies five items he believes are erroneous. The first three items are complaints about the format of the Court's opinion, including that the case caption does not say the case is filed "in admiralty, administered by the Circuit Rider," and that Plaintiff's name appears in capital letters in the case caption. Plaintiff's disagreement with the caption of his cases provides no grounds for the Court to reconsider the substance of its determination that the Court lacks subject matter jurisdiction over Plaintiffs' cases.

Finally, Plaintiff asserts that Defendants are in default for failing to file answers and requests that defaults be entered by the clerk of the court. In its Memorandum Opinion and Order, the Court determined that it lacked subject matter jurisdiction over Plaintiff's cases. When the Court lacks subject matter jurisdiction over a case, the case must be dismissed regardless of whether a defendant is in default.

Plaintiff has provided no basis for the Court to reconsider its previous decision and,

**IT IS THEREFORE ORDERED** that Plaintiff's "Notice of Intent to Summons the United States of America Circuit Court Rider Opportunity to Correct," filed May 26, 2005, **[Doc. No. 22 in Civ. No. 05-309]**, is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's "Notice of Intent to Summons the United States of America Circuit Court Rider Opportunity to Correct," filed May 26, 2005, **[Doc. No. 14 in Civ. No. 05-473]**, is **DENIED.**

**IT IS FINALLY ORDERED** that Plaintiff's "Notice of Intent to Summons the United States of America Circuit Court Rider Opportunity to Correct," filed May 26, 2005, **[Doc. No. 15 in Civ. No. 05-444]**, is **DENIED**.

_____
CHIEF UNITED STATES DISTRICT JUDGE